# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

_____

| | |
|---|---|
| **WALTER B. KELLETT,** | ) |
| | ) |
|     **Plaintiffs,** | ) |
| | ) |
| v. | )    No. 11-cv-03045-JTF-tmp |
| | ) |
| **MEMPHIS LIGHT, GAS, AND WATER,** | ) |
| | ) |
|     **Defendant.** | ) |

_____

# REPORT AND RECOMMENDATION
_____

Before the court by order of reference is plaintiff Walter B. Kellett's Motion to Amend Complaint, filed on June 5, 2013. (ECF No. 25.) Defendant Memphis Light, Gas, and Water ("MLG&W") filed a response in opposition on June 24. For the reasons below, it is recommended that Kellett's motion be denied.

## I.    PROPOSED FINDINGS OF FACT

On March 4, 2011, Walter B. Kellett filed a charge of discrimination pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII") with the Equal Employment Opportunity Commission ("EEOC"). Kellett alleged he was discriminated against on the basis of his race when he was subjected to unequal terms and conditions of employment at MLG&W. Specifically, he alleged he was issued additional employment duties without an increase in pay in retaliation for filing an internal complaint against an African-

American employee. Kellett received a notice of his right to sue ("RTS") from the EEOC on August 29, 2011. On November 23, 2011, Kellett filed a *pro se* complaint alleging racial discrimination pursuant to Title VII. Kellett simultaneously filed a motion to proceed *in forma pauperis* and a motion requesting the appointment of counsel. The court subsequently denied both motions. On March 25, 2013, MLG&W filed a motion for summary judgment. On June 10, 2013, Kellett filed a response to MLG&W's summary judgment motion. Kellett submitted this motion on June 5, 2013, requesting leave to amend his complaint.

In his motion to amend, Kellett seeks to add to his original complaint information from a subsequent EEOC charge filed with that agency on March 14, 2012. This second EEOC charge alleges that in December 2011, Kellett was given an additional group of employees to supervise in retaliation for filing a previous charge with the EEOC. The EEOC issued Kellett an RTS on May 31, 2012, alerting him that he had ninety days to file a lawsuit based on that charge.

MLG&W opposes Kellett's motion to amend. MLG&W argues (1) it would be futile to permit Kellett to amend his complaint because his proposed allegations are time barred; (2) Kellett's motion is untimely as it was filed after the court's scheduling order deadline of August 20, 2012, for filing motions to amend pleadings; and (3) Kellett has not shown good cause to modify or extend the court's scheduling order.

## II. PROPOSED CONCLUSIONS OF LAW

Kellett's motion to amend is not well taken for several reasons. First, Kellet's proposed amendment to his complaint is futile because the new claim is untimely and would not survive a motion to dismiss. Second, the new claim in the amended complaint does not relate back to the original pleading. Third, equitable tolling does not save the untimely claim.

### A. The Amended Complaint Would Not Survive a Motion to Dismiss Because the Claim is Time Barred

Federal Rule of Civil Procedure 15(a) provides that, after a responsive pleading has been filed, a party may file an amended complaint "only by leave of the court or by written consent of the adverse party," but such "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The rule "reinforce[s] the principle that cases 'should be tried on their merits rather than the technicalities of pleadings.'" Moore v. City of Paducah, 790 F.2d 557, 559 (6th Cir. 1986) (quoting Tefft v. Seward, 689 F.2d 637, 639 (6th Cir. 1982)).

Nevertheless, a court may deny a motion for leave to amend the complaint if the amendment would be futile. Yuhasz v. Brush Wellman, Inc., 341 F.3d 559, 569 (6th Cir. 2003) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." Rose v. Hartford Underwriters Ins. Co., 203 F.3d 417, 420 (6th Cir. 2000). When a court is faced with a Rule 12(b)(6)

motion to dismiss, "all of the allegations contained in the plaintiff's complaint are accepted as true, and the complaint is construed liberally in favor of the party opposing the motion." Miller v. Currie, 50 F.3d 373, 377 (6th Cir. 1995). In assessing whether an amended complaint could withstand a Rule 12(b)(6) motion to dismiss, the following principles govern the court's analysis:

> In appraising the sufficiency of the complaint [the court should follow] the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

Cameron v. Seitz, 38 F.3d 264, 270 (6th Cir. 1994) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

Pleadings filed by *pro se* litigants are to be "construed more liberally than pleadings drafted by lawyers." Williams v. Browman, 981 F.2d 901, 903 (6th Cir. 1992); see also Herron v. Kelly, No. 1:10CV1783, 2013 WL 3245326, at *5 (N.D. Ohio June 26, 2013) (affording liberal interpretation to a *pro se* plaintiff's pleading). However, "*pro se* plaintiffs are not automatically entitled to take every case to trial," Pilgrim v. Littlefield, 92 F.3d 413, 416 (6th Cir. 1996), and "the lenient treatment of *pro se* litigants has limits." Farah v. Wellington, 295 F. App'x 743, 748 (6th Cir. 2008) (quoting Pilgrim, 92 F.3d at 416) (internal quotation marks omitted). One of these limits includes the requirement that *pro se* plaintiffs comply with applicable statutes of limitations. See Simpson v. G4S Secure Solution (USA), Inc.,

No. 12-2875-STA-tmp, 2013 WL 2014493, at *4 (W.D. Tenn. May 13, 2013) (citing Williams v. Sears, Roebuck & Co., 143 F. Supp. 2d 941, 945 (W.D. Tenn. 2001)) ("The 90-day filing period applies to all plaintiffs, including those who act pro se . . . ."); see also Sanford v. Ohio Dep't of Mental Retardation & Developmental Disabilities, No. 1:12-CV-2970, 2013 WL 3243624, at *4 (N.D. Ohio June 25, 2013) (quoting Baldwin Cnty. Welcome Ctr. v. Brown, 466 U.S. 147, 152 (1984)) ("Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of vague sympathy for particular litigants.") (internal quotation marks omitted).

Title VII provides that if the EEOC investigates and dismisses a charge of discrimination, then it "shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge by the person claiming to be aggrieved . . . ." 42 U.S.C. § 2000e-5(f)(1). Under Federal Rule of Civil Procedure 6(d), three days are added to this ninety-day period. Further, "the Sixth Circuit allots two days for postal delivery of an RTS notice beyond the three day period allowed by Federal Rule of Civil Procedure 6(e)." Graham-Humphreys v. Memphis Brooks Museum of Art, Inc., 209 F.3d 552, 558 n.9 (6th Cir. 2000). Beyond these well-settled extensions, courts in the Sixth Circuit strictly apply the ninety-day statute of limitations for Title VII claims. See Peete v. Am.

Std. Graphic, 885 F.2d 331, 331 (6th Cir. 1989) (affirming order that found complaint filed ninety-one days after plaintiff actually received his RTS notice was time-barred by one day). "Where, as here, a defendant raises a statute of limitations defense, dismissal is proper under Rule 12(b)(6) if it is apparent from the face of the complaint that the statute of limitations has run." Reed v. Ohio State Univ. Med. Ctr., No. 2:12-cv-241, 2012 WL 5378379, at *4 (S.D. Ohio Oct. 31, 2012); see also DRFP, LLC v. Republica Bolivariana De Venez., No. 2:04-CV-00793, 2013 WL 2096652, at *17 (S.D. Ohio May 14, 2013) (quoting Cataldo v. U.S. Steel Corp., 676 F.3d 542, 547 (6th Cir. 2012)) ("[S]ometimes the allegations in the complaint affirmatively show that the claim is time-barred. When that is the case . . . dismissing the claim under Rule 12(b)(6) is appropriate.") (alteration in original) (internal quotation marks omitted).

Kellet's proposed amendment is time barred. After Kellett received his RTS on his second charge concerning MLG&W's alleged retaliation, Kellett had ninety days to file suit. The RTS that the EEOC issued to Kellett on March 14, 2012, regarding his new retaliation claim included notification of this time limit. Kellett did not attempt to bring this additional retaliation claim until more than a year later. Because Kellett's proposed amendment is time barred, the amendment would not survive a motion to dismiss. Under these circumstances, leave to amend would be

improper because the proposed amendment to the complaint would be futile. See Hunt v. Riverside Transp., No. 11-2020-DJW, 2012 WL 1893515, at *4 (D. Kan. May 23, 2012) (denying leave to amend complaint to add retaliation charge because plaintiff had failed to move to amend within ninety days of receiving the RTS regarding the retaliation charge).

**B. The Amended Complaint Does Not Relate Back to the Original Pleading**

In limited circumstances, Rule 15(c) saves an otherwise untimely amendment by deeming it to "relate back" to the conduct alleged in the timely original complaint. Specifically, Rule 15(c)(1)(B) provides that an amendment "relates back to the date of the original pleading when the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out - or attempted to be set out - in the original pleading." Fed. R. Civ. P. 15(c)(1)(b). Interpreting this language, the Supreme Court has held that relation back is improper when the amended claim "asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." Mayle v. Felix, 545 U.S. 644, 650 (2005).

The new claim asserted in Kellett's amendment does not arise out of the same conduct or transaction alleged in the original complaint. The complaint was filed on November 23, 2011. The new retaliatory conduct alleged in Kellett's proposed amendment did not occur until December 16, 2011. Because this new conduct did not

occur until after Kellett filed his original pleading, relation back does not apply. See Hernandez v. Valley View Hosp. Ass'n, 684 F.3d 950, 962 (10th Cir. 2012) (finding relation back doctrine did not apply because additional "retaliation claim [was] based on factual allegations that were new and discrete from facts [plaintiff] originally pled"); Hunt, 2012 WL 1893515, at *5 (finding that plaintiff's proposed additional retaliation claim did not relate back to original Title VII complaint because "[t]he specific facts and events giving rise to the Title VII retaliation claim occurred after Plaintiff filed his original complaint").

**C.  The Statute of Limitations is Not Equitably Tolled**

Satisfying the ninety-day statute of limitations is not a jurisdictional prerequisite to filing a complaint, but rather a requirement that is subject to waiver, estoppel, and equitable tolling. Zipes v. Trans. World Airlines, Inc., 455 U.S. 385, 393 (1982); see also Sebelius v. Auburn Reg'l Med. Ctr., 133 S. Ct. 817, 819 (2013) (quoting Zipes, 455 U.S. at 394) (reiterating that a statute establishing a filing deadline "does not speak in jurisdictional terms") (internal quotation marks omitted). A statute of limitations may be tolled based on equitable considerations. Snow v. Napolitano, No. 10-02530, 2013 U.S. Dist. LEXIS 97487, at *5 (W.D. Tenn. July 11, 2013). However, federal courts sparingly use equitable tolling, Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990), Peterson v. Klee, No.

2:12-cv-11109, 2013 WL 2480687, at *4 (E.D. Mich. June 10, 2013), and the doctrine is available only in "compelling cases that justify a departure from established procedures." Warith v. Amalgamated Transit Union Local Chapter 268, No. 1:13 CV 985, 2013 WL 2443780, at *3 (N.D. Ohio June 4, 2013) (citing Puckett v. Tenn. Eastman Co., 889 F.2d 1481 (6th Cir. 1989)).

The doctrine of equitable tolling "allows courts to toll a statute of limitations when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." Plummer v. Warren, 463 F. App'x 501, 504 (6th Cir. 2012) (quoting Robertson v. Simpson, 624 F.3d 781, 783 (6th Cir. 2010)) (internal quotation marks omitted). Absent compelling equitable considerations, a court should not extend limitations even by a single day. Graham-Humphreys v. Brooks Museum of Art, Inc., 209 F.3d 552, 561 (6th Cir. 2000). Kellett has not provided a sufficient basis to support the application of the doctrine of equitable tolling, and his status as a *pro se* litigant, by itself, does not warrant the application of that doctrine. See Brown, 466 U.S. at 151 ("One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence.").

### III.  RECOMMENDATION

For the reasons above, it is recommended that Kellett's motion be denied.

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

August 28, 2013
Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, A PARTY MAY SERVE AND FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. A PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. FED. R. CIV. P. 72(b)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**