**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| | ) | |
| WALTER B. KELLETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 11-3045-JTF-tmp |
| | ) | |
| MEMPHIS LIGHT, GAS AND, | ) | |
| WATER, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ADOPTING THE MAGISTRATE'S REPORT AND RECOMMENDATION AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Before the Court is the Magistrate Judge's Report and Recommendation filed on December 9, 2013 that recommends granting the Defendant's Motion for Summary Judgment, DE #18, and dismissal of Plaintiff's employment discrimination action filed pursuant to Title VII of the Civil Rights Act, 42 U.S.C. §2000 (e). (DE #33). On January 2, 2014, the Plaintiff filed his objections to the report and recommendation. (DE #36). Defendant filed a response to Plaintiff's written objections to the report and recommendation on January 15, 2014. (DE #37).

The Court has reviewed *de novo* the Magistrate Judge's Report and Recommendation, the legal analysis, Plaintiff's objections, Defendant's response to Plaintiff's objections, and the entire record. The Court finds the Magistrate Judge's Report and Recommendation should be adopted and GRANTS the

1

Defendant's Motion for Summary Judgment.

## II. <u>FINDINGS OF FACT</u>

On March 4, 2011, Plaintiff, a White male, filed a complaint with the Equal Employment Opportunity Commission ("EEOC") that alleged reverse racial discrimination in his employment with Memphis Light Gas and Water ("MLG&W"). Specifically, Plaintiff asserted that after the company's reorganization, he was treated differently than minority employees in similar positions, had not received timely compensation or reevaluation, and had been retaliated against for filing internal complaints against his employer. Without issuing a conclusive determination regarding Plaintiff's claims, the EEOC issued a Right to Sue notice on August 29, 2011, that was received by Plaintiff on August 31, 2011.[1]

On November 23, 2011, Plaintiff initiated this matter, without legal representation, pursuant to Title VII of the Civil Rights Act of 1964. Plaintiff alleges that MLG&W retaliated against him after he filed an internal complaint and that he was not offered a choice when assigned new supervisory duties during the company reorganization in 2008, unlike minority supervisors.

Finally, Plaintiff asserts that all of these alleged racially discriminatory practices are ongoing in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e,

---

[1] DE #1.

resulting in Plaintiff filing a second charge of discrimination with the EEOC on March 14, 2012. In his second EEOC charge, Plaintiff claims MLG&W has retaliated against him by adding more employees under his supervision while additional employees were not assigned to minority supervisors.

On March 25, 2013, the matter was referred to the Magistrate Judge for administration, determination, or for report and recommendation of all preliminary and pretrial matters pursuant to 28 U.S.C. § 636 (b) and Fed. Rule Civ. P. 1. On the same day, Defendant filed a Motion for Summary Judgment, with attachments including a Statement of Undisputed Facts. (DE #18). Plaintiff filed his response to the Motion for Summary Judgment on June 10, 2013, disputed Defendant's Statement of Facts, and offered exhibits in support of his complaint. (DE #26 and DE #27).

Based on his proposed findings of fact and determinations, the Magistrate Judge issued a report and recommendation on December 17, 2013, to grant the Defendant's Motion for Summary Judgment pursuant to Fed. Rule Civ. P. 56 because: 1) Plaintiff's claims are time-barred and equitable tolling should not apply; and 2) Plaintiff has failed to allege a *prima facie* case of reverse discrimination and/or retaliatory discharge. (DE #35). The Magistrate Judge did not address the new claims asserted in the second EEOC charge. (DE #34). Plaintiff filed

written objections to the report and recommendation on January 2, 2014, DE #36, and Defendant has filed a reply to Plaintiff's Objections, DE #37, that the Court has considered in issuing the current ruling.

## II. <u>LEGAL STANDARD</u>

After referring a dispositive motion to a Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), the district judge must review *de novo* a magistrate judge's proposed findings of fact and recommendations in dispositive motions. The rules provide:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by the rules of court. A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

See 28 U.S.C. §636 (b)(1)(B) and (C); Fed. Rule Civ. P. 72(b); *Baker v. Peterson*, 67 Fed. App'x. 308, 311 (6th Cir. 2003). In applying the *de novo* standard, Congress afforded the district judge sound discretion to rely on the Magistrate Judge's proposed findings and determinations. *U.S. v. Raddatz*, 447 U.S. 667, 676, 100 S.Ct. 2406, 2412, __ L.Ed.__ (1980). The Court need not conduct a *de novo* hearing, but must make a *de novo* determination based on the record only to matters involving

disputed facts and findings. *Mira*, 806 F.2d at 637. Also, de

*novo* review is not required when the objections to the report

and recommendation are frivolous, conclusive or general. *Mira v.*

*Marshall*, 806 F.2d 636, 637 (6th Cir. 1986).

### III. <u>ANALYSIS</u>

Federal Rule Civ. P. 56(a) provides that the Court shall

grant summary judgment if the movant shows there is no genuine

issue of disputed material fact and the movant is entitled to

judgment as a matter of law. *Geiger v. Tower Auto.*, 579 F.3d

614, 620 (6th Cir. 2009). The record, including Plaintiff's

objections, does not establish a genuine issue of disputed

material facts in order to survive Defendant's Motion for

Summary Judgment.

The Magistrate Judge has recommended that the Defendant's

Motion for Summary Judgment pursuant to Fed. Rule Civ. P. 56 be

granted. The report and recommendation contains the following

proposed conclusions of law: 1) Plaintiff's allegations of

discriminatory acts before May 7, 2010 are time-barred[2];  2)

---

2 DE #35; Because Kellett failed to file an EEOC charge within 300 days of
each of the following incidents, the Magistrate's report expressly excluded
the following as time-barred: 1) the April 2, 2008 written reprimand, 2)
MLG&W's initial determination on May 2, 2008, to sustain Kellett's reprimand;
3) the assignment of an additional twenty (20) new employees, duties, and
responsibilities under Kellett's supervision in July 2008; 4) Kellett's
temporary rotation to the Arlington facility in  May 2008; 5) Kellett's
rotation back to his original facility in his new position as Supervisor of
the Commercial/Industrial in July 2008; and 6) MLG&W's decision on February
9, 2009 to sustain Kellett's initial reprimand. All of these 2008 and 2009
incidents fall far outside the 300-day window in which the March 4, 2011
charge was filed with the EEOC.

Plaintiff did not offer any direct evidence of adverse

employment action nor did he identify a similarly situated

person who was treated more favorably; and finally, 3) Plaintiff

cannot establish a *prima facie* case of retaliation.

Agreeing with the Magistrate's report, Defendant replies

that Plaintiff's objections are without merit because: 1) he

failed to contest MLG&W's Statement of Undisputed Material Facts

as required by Fed. Rule Civ. P. 56(e); 2) his discrimination

claim is based on race and not gender; 3) the charges all are

time-barred by the statute of limitations issue; 4) the reverse

racial discrimination standard applies because of Plaintiff's

race, regardless of the demographic of other MLG&W employees; 5)

he failed to demonstrate adverse impact or similarly-situated

employees and 6) the pending EEOC charges constitute a separate

claim and are not before the Court at this time.

Plaintiff includes in his objections provisions of Fed.

Rules Civ. P. 38 and 72(b) and L.R. 47.1.[3]  The Court liberally

construes this verbiage as Plaintiff's objection to the

dismissal of his case on a motion for summary judgment as a

denial of his right to a trial by jury.[4] This argument is without

merit. A plaintiff charging racial discrimination in employment

must first fulfil the jurisdictional prerequisites to filing a

---

3 The objections also include unreferenced portions of the DOT Personnel
Manual and several provisions of the Fair Labor Standards Act.
4 DE #36, p. 3-4.

claim of employment discrimination by filing a timely charge of

discrimination with the EEOC pursuant to 42 U.S.C. §2000 (e).

Once a right to sue notice is issued by the EEOC, the Plaintiff

must then establish a *prima facie* case of racial discrimination

in order to survive dismissal under Fed. Rule Civ. P. 56.

*McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 798, 93 S. Ct.

1817, __ L.Ed. ___ (1973).

Plaintiff disputes certain proposed factual findings in the

Magistrate's report and recommendation and reiterates claims

previously asserted in his complaint. For instance, Plaintiff

notes the Magistrate stated that Kellett had received a written

reprimand regarding an incident in November 2007 with Mary

Wainwright, an African American female, without indicating that

Wainwright did not receive a similar written reprimand.

Plaintiff also contends the Magistrate failed to note that the

written reprimand was never presented to his direct manager,

Barbara Wilson, a White female, but only to his supervisor,

Craig Powers, an African American. Plaintiff adds that Eliza

King, an African American female, received a promotion to the

newly-created position, Manager of Customer Metering, during the

department reorganization in March 2008 despite Plaintiff's

assertions that he was more qualified. Plaintiff argues he was

unable to apply for the position because of his written

reprimand.

Plaintiff reiterates that he was transferred to the

Arlington Facility on or about May 2008, after he notified an

African American female manager that he wished to pursue the

Second Step in MLG&W's complaint resolution process.[5] Finally,

Plaintiff objects that the Magistrate did not include that MLG&W

delayed his reevaluation and compensation for over two and half

years, without interest or pension credit.[6] Plaintiff contends

that all of these factors are evidence of continued retaliation.

The Court finds all of these objections insignificant.

The Magistrate found that all of these incidents occurred

prior to March 10, 2010 and are time-barred. The Court

calculates the three-hundred-day interval to be July 6, 2010 as

opposed to March 10, 2010.  Therefore, any alleged

discriminatory actions by MLG&W before July 6, 2010 are time-

barred. As determined by the Magistrate, this would still

include all of the incidents asserted in Plaintiff's complaint

as well as the added factual disputes in his objections.

Additionally, the Magistrate correctly discredited Plaintiff's

references to his delayed reevaluation and compensation for his

added duties in June/July 2010 as a mere inconvenience instead

---

5 Plaintiff does not object that this factor was incorrectly omitted or
misstated in the Magistrate's Report, only that it was direct retaliation for
Plaintiff's filing the internal complaint.
6 DE #35, pp 18-19.  The Magistrate actually considered the fact that
Plaintiff's reevaluation was delayed to August 16, 2010, in his proposed
findings that the extensive time period between the filing of his internal
complaint and his reevaluation proved there was no nexus between the internal
complaint and MLG&W's alleged retaliatory actions.

of adverse employment action particularly since he received compensation for the reassignment. *Blackburn v. Shelby County*, 770 F.Supp.2d 896, 919 (W.D. Tenn. 2010). An adverse employment action must be more than disruptive, inconvenient or an alteration of job responsibilities. *Id*.

In the meantime, Plaintiff filed a second charge with the EEOC on September 18, 2013. In that charge, Plaintiff alleges ongoing retaliation by his employer. Accordingly, Plaintiff contends the time-barred retaliation claims may still be pursued under the continuing violations doctrine.[7] The Magistrate Judge determined that Plaintiff's claim of continuing violations is premature since the EEOC has not issued a Right to Sue Notice. The Court agrees.

The exhaustion of administrative remedies is a prerequisite to filing a lawsuit alleging Title VII discrimination. *Williams v. Northest Airlines*, 53 Fed. Appx. 350, 351 (6th Cir. 2002). A Plaintiff may only file a civil action regarding those claims, after the EEOC dismisses or resolves the charge and issues a Right to Sue Notice. *Id*.; 42 U.S.C. §2000 e-5 (f)(1); 29 U.S.C. §626 (e).

Further, the Sixth Circuit has upheld that "hostile work environment claims," or those involving "repeated conduct,"

---

7 DE #36, pp. 16-17. Plaintiff quotes *Roa v. LAFE*, A-72-08, a New Jersey Supreme Court case that purportedly bars employees from reviving time-barred retaliation claims. However, Plaintiff argues that untimely retaliation claims can be admissible during the trial of a timely claim.

require a victim to demonstrate his workplace involves

discriminatory intimidation, ridicule, and insults so as to

create an abusive work environment. *Wu v. Tyson Foods, Inc.,*

189 Fed. Appx. 375, 378 (6th Cir. 2006) quoting, *National*

*Railroad Passenger Corp. v. Morgan*, 536 U.S. 101, 122 S.Ct.

2061, 153 L.Ed.2d 106 (2002). However, in hostile work

environment cases, the continuing violation doctrine limits acts

of discrimination falling outside of the three-hundred day

limitations period to cases having other actionable conduct that

occurred within the statutory period. *Morgan*, 536 U.S. at 114-

15.  Therefore, the Court finds all claims referenced in the

pending EEOC charge may not be considered at this time.

In reference to the reverse discrimination claim, Plaintiff

objects that he must prove reverse race discrimination and

argues that he is actually within the minority based on the

racial composition of MLG&W's employees.[8]  This argument is

flawed.

Title VII prohibits discrimination against members of both

minority and majority groups. *Morris v. Family Dollar Stores of*

*Ohio, Inc*. 320 Fed. Appx. 339, 340 (6th Cir. 2009)(employer was

a member of the same minority race as the employees he was

promoting); *Cooper v. Jackson-Madison County General Hosp. Dist*.

742 F.Supp.2d 941, 951-52  (W.D. Tenn. 2010); Murray 770 F.2d at

---

8 DE #36, p. 17-21.

67. However, a majority plaintiff must still establish a *prima facie* case of reverse discrimination demonstrating he was intentionally discriminated against despite his majority status. In this case, the Court agrees with the Magistrate's proposed finding that Plaintiff, although establishing background circumstances, failed to meet the criteria that similarly-situated employees in all relevant aspects were treated more favorably.

Finally, Plaintiff objected to the Magistrate's proposed finding that he failed to identify any similarly-situated individuals in satisfaction of the fourth element of a Title VII claim. *Primes v. Reno*, 190 F.3d 765, 766 (6th Cir. 1999). Plaintiff asserts he "listed Callen Hays (White Male) and Becky Delich (white Female) both supervisors as Plaintiff [who] had the opportunity to make a choice to take on New [sic] and Duties and Responsibilities."[9]  The Magistrate concluded that neither Griffin nor Washington were similarly-situated and that Kellett had failed to identify the other two female employees.[10]  The Court agrees that Kellett failed to identify similarly-situated employees and with Defendant's argument that Plaintiff perhaps made a gender-based discrimination claim but not a reverse

---

9 DE #36, p. 24; DE #35, p. 15.
10 The report and recommendation also noted that company policy #21-10 was inapplicable to Kellett because he was not placed in a temporary position, but actually permanently received new employees under his supervision and supplemental pay.

racial discrimination claim.

In employment discrimination cases filed under Title VII, the failure to file a charge with the EEOC within three hundred days of the discriminatory act(s) is treated in the same manner as a failure to file within the statute of limitations. *Zipes v. Trans World Airlines*, Inc. 455 U.S. 385, 393 (1982); *Amini*, 259 F.3d at 2001. This procedure provides notification to potential defendants of Plaintiff's claims and an opportunity to settle them. *Davis v. Sodexho, Cumberland Coll. Cafeteria*, 157 F.3d 460, 463 (6th Cir. 1998). However, the three-hundred day requirement is subject to waiver, estoppel and equitable tolling when the litigant establishes circumstances beyond his control. *Graham–Humphreys v. Memphis Brook Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000).

The Court agrees with the Magistrate's determination that equitable tolling is inapplicable. All allegations in the instant complaint that occurred before July 6, 2010, instead of May 7, 2010, are time-barred because Kellett failed to provide a legitimate reason for equitable tolling based on any of the following factors: 1) lack of notice of the filing requirement; 2) lack of constructive knowledge of the filing requirement; 3) diligence in pursuing one's rights; 4) absence of prejudice to the defendant; and 5) the plaintiff's reasonableness in remaining ignorant of the particular legal requirement. *Truitt*,

148 F.3d at 648. Notably, federal courts sparingly allow equitable tolling. *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96, 111 S.Ct. 453, 457, 112 L.Ed.2d 435 (1990).

Plaintiff presents no law that would support an equitable tolling in this case. His allegations of discriminatory practices dating back to May 2008 may not be considered. Further, there is no evidence of continuing violations that would allow time-barred complaints to be considered after the required three-hundred day filing deadline.  The Court finds that Plaintiff has merely recited the same allegations found in his complaint and all of his objections are without merit.

The Supreme Court has held that "even a *pro se* litigant, whether plaintiff or defendant, is required to follow the law. In particular, a willfully unrepresented plaintiff volitionally assumes the risk and the hazards which accompany self-representation." *Id.*  The Supreme Court has indicated that procedural rules are not to be interpreted in order to excuse mistakes committed by *pro se* litigants.  *McNeil v. United States*, 508 U.S. 106, 113, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993).  The Magistrate has correctly concluded that equitable tolling in this case is inappropriate and Plaintiff's case remains time-barred.  Ignorance of the law alone is insufficient to warrant equitable tolling.  *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991)(*per curiam*).

## CONCLUSION

For the reasons set forth above, the Court ADOPTS the Magistrate Judge's Report and Recommendation to grant Defendant's Motion for Summary Judgment pursuant to Fed. Rule Civ. P. 56(b).  Plaintiff has failed to meet the preliminary jurisdictional requirement of Title VII cases and has failed to establish a *prima facie* case of employment discrimination based on reverse racial discrimination. Therefore, Defendant's Motion for Summary Judgment, DE #18, is GRANTED and the case DISMISSED.

IT is SO ORDERED on this 31st day of January, 2014.


***s/John T. Fowlkes, Jr.***
JOHN T. FOWLKES, JR.
UNITED STATES DISTRICT JUDGE